1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com

2  PERKINS COIE LLP
   3150 Porter Drive

3  Palo Alto, CA  94304-1212
   Telephone: (650) 838-4300

4  Facsimile: (650) 838-4350

5  *Attorney for Movant Non-party*
   TWITTER, INC.

6

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                 CV 20        8 0 0 8 1 MISC

12  *In the Matter of a Subpoena to Non-party*      No.
    *Twitter, Inc.*

13                                                  (D.C. Case No. 1:18-cv-00681-RJL)

14       AARON RICH
                                                    **DECLARATION OF JULIE E.**
15                        Plaintiff,                **SCHWARTZ IN SUPPORT OF NON-**
                                                    **PARTY TWITTER, INC.'S MOTION TO**
16       v.                                         **QUASH OR MODIFY SUBPOENA**

17  EDWARD BUTOWSKY, MATTHEW               Date:    June 4, 2020
    COUCH, AMERICA FIRST MEDIA,           Time:    9:00 a.m.
18  and THE WASHINGTON TIMES,

        Defendants.
19

20

21

22

23

24

25

26

27

28

1    I, Julie E. Schwartz, declare and certify:

2        1.      I am a partner at the law firm of Perkins Coie LLP.  I have been retained as outside

3    counsel for non-party Twitter, Inc. in connection with the subpoena issued to it by Plaintiff Aaron

4    Rich ("Plaintiff").  I make this declaration based upon personal knowledge, and if called upon to

5    do so, I could and would testify competently to the facts set forth herein.

6        2.      On December 13, 2019, Plaintiff served Twitter with a subpoena seeking user and

7    account information for the Account, excluding the contents of any communications.  Along with

8    the subpoena, Plaintiff's counsel enclosed a letter dated December 12, 2019.  A true and correct

9    copy of the letter and subpoena is attached hereto as Exhibit A.

10       3.      Twitter's counsel met and conferred with Plaintiff's counsel multiple times to

11   discuss this subpoena.  Plaintiff subsequently served Twitter with a new subpoena, dated March

12   5, 2020, which specifically sought "user and account information concerning the Twitter account

13   @whysprtech that was in use on May 29, 2017 or had the [user ID] UID 868729045881696256,"

14   excluding the contents of any communications (the "Subpoena").  Plaintiff did not provide

15   documentation demonstrating that a court considered and imposed the First Amendment

16   safeguards required before a litigant may be permitted to unmask the identity of an anonymous

17   speaker.  A true and correct copy of the Subpoena is attached hereto as Exhibit B.

18       4.      On March 17, 2020, Twitter served objections to the Subpoena on Plaintiff's

19   counsel.  A true and correct copy of Twitter's objections is attached hereto as Exhibit C.

20       5.      Twitter's counsel and Plaintiff's counsel met and conferred to discuss Twitter's

21   objections, including Twitter's objection that Plaintiff had not shown whether a court had applied

22   the relevant First Amendment standards to Plaintiff's request.  The parties could not resolve

23   Twitter's concerns regarding the Subpoena's potential chilling effects on protected speech

24   without judicial application of the relevant First Amendment standards.

25       I declare under penalty of perjury that the foregoing is true and correct.

26

27

28

2

1   Executed this 30th day of April, 2020, in Palo Alto, California.

2

3   By: _Julie E. S_____

4   Julie E. Schwartz

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

RECEIVED DEC 1 9 2019

December 12, 2019

Vijaya Gadde
General Counsel and Secretary
Twitter, Inc.
1355 Market Street
Suite 900
San Francisco, CA 94103
VGadde@twitter.com

Re: *Rich v. Butowsky et al*, Civil Action No. 1:18-cv-00681-RJL

Ms. Gadde:

We represent Aaron Rich, the brother of deceased Democratic National Committee ("DNC") staffer Seth Rich, in litigation where Aaron alleges the named defendants falsely accused him and his brother Seth of downloading documents from the DNC and selling them to WikiLeaks, and falsely accused Aaron of engaging in deceit and obstruction of justice to cover his tracks after Seth was murdered. A copy of the complaint can be found at this link: https://www.courthousenews.com/wp-content/uploads/2018/03/aaron-rich-DC-suit.pdf. Although all of the conspiracy theories aimed at Mr. Rich are false and malicious, they continue to be disseminated as gospel via social media platforms, including Twitter, and the Rich family have suffered extraordinary trauma as a result. Aaron's suit is designed to clear his name, defend his reputation, and hold accountable those who peddled the theories.

As part of discovery in this litigation, we have issued the attached subpoena to Twitter, Inc., seeking limited information regarding a now-deactivated account: @whysprtech, that also went by the name TruthWyspr. As you will see, our request is narrow: we are seeking only user and account information—not communications—in order to help identify the account holder in order to be able to prove the falsity of his or her claims.

This information is critical for Aaron's efforts to litigate his claims. Allegations that Aaron and Seth stole emails from the DNC and provided them to WikiLeaks were fueled substantially, at one point in 2017, by messages posted on Twitter by @whysprtech. At that time, the person behind the @whysprtech account allegedly represented him- or herself to be a Federal Bureau of Investigation ("FBI") agent with access to confidential FBI documents relating to Seth's murder. The @whysprtech account has been

December 12, 2019
Page 2

cited as the source of a fabricated FBI report—originally released by Infowars reporter Joe Biggs—which appears to have been created and disseminated in order to promote the conspiracy theory that Seth Rich had stolen DNC emails, and/or, communications with WikiLeaks on his personal laptop. *See e.g. Leaked FBI Memo Proves Seth Rich Talked To WikiLeaks*, NewsPunch (May, 29 2017), *available online at* https://newspunch.com/fbi-memo-seth-rich-wikileaks/. Subsequent Tweets from @whysprtech appear to take credit for providing the document to Mr. Biggs:

 **TruthWyspr**
@whysprtech                                                           Follow   ⌄

# Ill be releasing other emails and docs today via twitter and others to Joe. This way the media can attack me not Joe or anyone @Rambobiggs

RETWEETS   LIKES
120        175                                

11:41 AM - 28 May 2017

The fabricated FBI report, though quickly debunked by responsible journalists and former law enforcement agents, provided fuel to the fire of the Seth Rich conspiracy theory. Aaron Rich has an overwhelming interest in identifying, and holding accountable, those who are responsible for the creation and dissemination of this fabricated FBI report.

Aaron's interest is more than sufficient to overcome any purported interest of @whysprtech in remaining anonymous. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("The right to speak, whether anonymously or otherwise, is not unlimited, however, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue."). Courts in the Ninth Circuit have used a four-factor test to determine when to release the identity of anonymous sources, asking whether:

> (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or disprove that claim or defense is unavailable from any other source.

*Sines v. Kessler*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *12 (N.D. Cal. Aug. 6, 2018) (quoting *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001)). Here, this subpoena is

December 12, 2019
Page 3

plainly being issued in good faith, as it is part of an ongoing process of civil discovery and based upon information that Mr. Rich has learned during discovery. The identity and role of @whysprtech is directly relevant to disproving the conspiracy theories at issue in Aaron's complaint. Second, the information is materially relevant for the same reasons. Third, the information is not available from any other source, as @whysprtech's release of relevant information was through Twitter and we have found no other source willing or able to confirm his or her identity. And fourth, learning the identity of @whysprtech would be sufficient to confirm or disconfirm whether @whysprtech is or was in fact an FBI agent, which information on its own would either prove or disprove claims that @whysprtech provided information from inside the FBI.

We will also note that discovery in this case is governed by a protective order, which further supports production. *Rich v. Butowsky et al*, Civil Action No. 1:18-cv-00681-RJL (Dkt. 29). Under the protective order, information produced to the parties may be designated as "Confidential Information" or "Highly Confidential – Attorneys Eyes Only," both of which restrict the use of the information for anything other than the litigation. Moreover, under the "Highly Confidential – Attorneys Eyes Only" designation, the information can even be kept from the parties in the matter, and limited to their counsel. Such protective orders have been used by courts within the Ninth Circuit to tip any balance of interests in favor of disclosure. *Sines*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *14 ("Further, if the information at issue is treated as highly confidential under the protective order, Doe's identity can be shielded from even Plaintiffs in this case. While the subpoena implicates Doe's First Amendment right to anonymous speech, the balance of interests tips in favor of disclosing Doe's identifying information as highly confidential pursuant to the protective order.").

Thank you for your prompt attention to this matter. Should you require any additional information or documentation please feel free to contact me at the information below.

Respectfully,

/s/ Michael J. Gottlieb
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
Phone: (202) 303-1443
Fax: (202) 303-2126
mgottlieb@willkie.com

Dec. 19. 2019  1:10PM                                                No. 1606   P. 4/7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| Aaron Rich | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Twitter, Inc.  Attn: Trust and Safety
              1355 Market Street, Suite 900, San Francisco, CA 94103
_____
                     _(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All user and account information concerning the Twitter account @whysprtech, excluding the contents of any and all communications sent to or from the @whysprtech account.

| Place: Willkie Farr & Gallagher c/o Michael Gottlieb | Date and Time: |
|---|---|
| One Front Street | |
| San Francisco, CA 94111 | December 27, 2019 10:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/12/2019

         _CLERK OF COURT_
                                           OR    _____
         _____                _Attorney's Signature_
         _Signature of Clerk or Deputy Clerk_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Aaron Rich ,
                                                        who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-00681-RJL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| | | |
|---|---|---|
| Aaron Rich | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Twitter, Inc.  Attn: Trust and Safety
         21355 Market Street, Suite 900, San Francisco, CA 94103
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All user and account information concerning the Twitter account @whysprtech that was in use on May 29, 2017 or had the UID 868729045881696256,  excluding the contents of any and all communications sent to or from the @whysprtech account.

| Place: mgottlieb@willkie.com or | Date and Time: |
|---|---|
| Willkie Farr & Gallagher c/o Michael Gottlieb | |
| One Front Street, San Francisco, CA 94111 | March 26, 2020, 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/05/2020

|   *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Aaron Rich ,
who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-cv-00681-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT C

# PERKINSCOIE

500 North Akard Street
Suite 3300
Dallas, TX 75201-3347

☎ +1.214.965.7700
🖷 +1.214.965.7799
PerkinsCoie.com

March 17, 2020

Hayden M. Schottlaender
HSchottlaender@perkinscoie.com
D. +1.214.965.7724
F. +1.214.965.7774

**VIA EMAIL AND US MAIL**

Michael Gottlieb
Willkie Farr & Gallagher LLP
1875 K St. N.W.
Washington, DC 20006
mgottlieb@willkie.com

Re:     Your Subpoena to Twitter Inc. Regarding User @whysprtech

Dear Mr. Gottlieb:

As you know, this firm represents Twitter Inc. ("Twitter") with respect to your subpoena dated March 5, 2020, requesting information about Twitter user @whysprtech.

Twitter objects to that subpoena on at least two bases and, unless and until these objections are resolved, will not be producing any responsive data.

First, Twitter objects that your use of the phrase "all user and account information" is vague, overbroad, and unduly burdensome. Twitter cannot reasonably comprehend what data would be responsive to such a request. More, the requested information is not bound by time, subject matter, custodian, or any other relevant qualifier. As a result, Twitter interprets your subpoena to request only basic subscriber information of the sort expressly enumerated by 18 U.S.C. § 2703(c)(2).

Second, Twitter objects that you have provided no documentation demonstrating that a court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. As courts addressing the issue have recognized, the trial court must strike a balance "between the well-established First Amendment right to speak anonymously, and the right of the plaintiff to protect its proprietary interests and reputation through the assertion of recognizable claims based on the actionable conduct of the anonymous, fictitiously-named defendants." *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 760 (N.J. Super. A.D. 2001). Accordingly, before a service provider may be compelled to unmask an anonymous speaker, (1) a reasonable attempt to notify the user of the request and the lawsuit must be made, thereby providing the user an opportunity to assert his or her First Amendment right to speak anonymously through an application for a protective order or a motion to quash; and (2) the plaintiff must make a *prima facie* showing of the elements of the asserted cause of action. *See Krinsky v. Doe*, 72 Cal. Rptr. 3d 231, 239, 244–46 (Cal. Ct. App. 2008); *Glassdoor, Inc. v. Super. Ct.*, 9 Cal. App. 5th 623 (2017) (affirming the *Krinsky* requirements and the standard for protecting online

Michael Gottlieb
March 17, 2020
Page 2

speakers).  Moreover, the party seeking discovery must demonstrate a compelling need for discovery. *Williams v. Superior Court*, 3 Cal. 5th 531, 557 (2017) (citing *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 34 (1994)) ("obvious invasions of interests fundamental to personal autonomy must be supported by a compelling interest"); *see also Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying motion to enforce subpoena against Twitter where movant failed to overcome user's First Amendment right to anonymous speech).

Finally, please be informed that Twitter has notified the targeted user of your subpoena and provided a copy of that subpoena to the user.

If you wish to meet and confer regarding these objections, please do not hesitate to contact me at the email address or phone number listed in the letterhead. Otherwise, Twitter will be taking no further action with respect to your subpoena.

Very truly yours,


*Hayden M. Schottlaender*