WILLKIE FARR & GALLAGHER LLP
BENEDICT Y. HUR - #224018
bhur@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:   415 858 7400
Facsimile:   415 858 7599

WILLKIE FARR & GALLAGHER LLP
SAMUEL HALL (*appearing pro hac vice*)
shall@willkie.com
1875 K Street, NW
Washington, DC 20006
Telephone:   202 303 1443
Facsimile:   202 303 2442

Attorneys for Plaintiff AARON RICH.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| *In the Matter of a Subpoena to Non-Party Twitter, Inc.*<br><br>AARON RICH<br><br>Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY, MATTHEW COUCH, AMERICA FIRST MEDIA, and THE WASHINGTON TIMES,<br><br>Defendants. | Case No. 4:20-mc-80081-DMR<br><br>(D.C. Case No. 1:18-cv-00681-RJL)<br><br>**REPLY IN SUPPORT OF MOTION TO SEAL**<br><br>Date:   June 4, 2020<br>Time:   9:00 a.m.<br>Dept:<br>Judge:   Magistrate Judge Donna M. Ryu |

Plaintiff Aaron Rich ("Movant") respectfully submits this brief Reply to Twitter, Inc.'s ("Twitter") Response to Plaintiff's Motion to Seal, Dkt. 10 ("Response"). Twitter's Response indicates that it takes no position with respect to Plaintiff's Motion to Seal, but seeks to "to preserve its rights in connection with and objections to Plaintiff's position regarding the Declaration of Compliance." Dkt. 10 at 2.

Plaintiff submits this Reply only to notify the Court that "Plaintiff's position regarding the Declaration of Compliance" is required by the Protective Order issued by the Federal District Court for the District of Columbia on June 21, 2018, in the underlying litigation, *Rich v. Butowsky et al*, Civil Action No. 1:18-cv-00681-RJL (D.D.C) (the "D.C. Litigation") (Dkt. 29). More specifically, the Protective Order provides that for any documents designated as "Highly Confidential Information – Attorneys' Eyes Only," parties may only show those documents to third parties in limited circumstances, including where the designating party agrees to the production, as is the case here. *See* Dkt. 9-6 at 6; D.C. Litigation, Dkt. 29 at 6. However, in that circumstance, the receiving party must "first execute the Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A." *See* Dkt. 9-6 at 6, 17; D.C. Litigation, Dkt. 29 at 6, 17. As a result, requiring Plaintiff to produce the relevant materials to Twitter's counsel *without* a signed Declaration of Compliance—in the form detailed in Exhibit A of the Protective Order—risks placing Plaintiff in violation of the Protective Order.

What is more, Plaintiff is powerless to waive the relevant designations here, as they are not his designations. Indeed, Defendant Edward Butowsky designated all the materials that Plaintiff seeks to seal in the above-captioned matter. *See* Dkt. 8 at 3. Plaintiff is therefore unable to waive those designations or their related protections. *See* Dkt. 9-6 at 6, 7; D.C. Litigation, Dkt. 29 at 6, 7. In turn, Plaintiff takes no position on whether the documents at issue are properly designated and notes that any defense or enforcement of the designations at issue must come from Defendant Butowsky.

Dated:  May 19, 2020  WILLKIE FARR & GALLAGHER LLP

By:  /s/  Benedict Y. Hur
BENEDICT Y. HUR
SAMUEL HALL

Attorneys for Plaintiff AARON RICH