1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304-1212
   Telephone: (650) 838-4300
4  Facsimile: (650) 838-4350

5  *Attorney for Movant Non-party*
   TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In the Matter of a Subpoena to Non-party Twitter, Inc.* | Case No. 4:20-mc-80081-DMR |
| | (D.C. Case No. 1:18-cv-00681-RJL) |
| AARON RICH | **NON-PARTY TWITTER, INC.'S REPLY IN SUPPORT OF ITS MOTION TO QUASH OR MODIFY SUBPOENA** |
| Plaintiff, | |
| v. | Date:  June 4, 2020 |
| EDWARD BUTOWSKY, MATTHEW COUCH, AMERICA FIRST MEDIA, and THE WASHINGTON TIMES, | Time:  9:00 a.m. |
| Defendants. | |

# I. INTRODUCTION

Plaintiff agrees that he must demonstrate that he has satisfied the First Amendment's requirements for unmasking anonymous speakers in connection with the Subpoena. *See* Dkt. 9 ("Opp.") at 10; *see also Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005); *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001). Although Plaintiff claims that he has satisfied these requirements, Twitter is not able to determine whether Plaintiff has done so based on the evidence on the record that Twitter can currently view.[1] Accordingly, Twitter respectfully asks for the Court's assistance in determining whether the First Amendment safeguards have been met.[2]

First, under the *Highfields* standard applicable to parties or potential parties, Plaintiff does not argue that he has pled a *prima facie* claim against the Accountholder. In fact, Plaintiff acknowledges that there are no claims against the Accountholder in the Complaint. Thus, Plaintiff does not appear to have satisfied this standard. Second, under the *2TheMart* standard applicable to witnesses, it remains unclear why the Accountholder's *identity* is materially relevant to Plaintiff's claims against Defendants. Plaintiff's claims concern the veracity of an FBI report allegedly Tweeted by the Accountholder (a Tweet that is not in the record) and disseminated by Defendants. Plaintiff claims that there is no evidence the claims in the report are true. Whether

---

[1] The Stipulated Protective Order entered into by Plaintiff and Defendants requires non-parties to sign a Declaration of Compliance, submitting to the jurisdiction of the District Court for the District of Columbia. Twitter has not signed the Declaration because it will not submit to the jurisdiction of the District of Columbia courts. Any litigation relating to this Motion must be brought in this District. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii); *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (the Northern District of California is the district where compliance is required for subpoena to Twitter for anonymous user's identifying information); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR (JSC), 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) (the "court where compliance is required" under Fed. R. Civ. P. 45 has jurisdiction to quash a subpoena). Accordingly, Twitter has not been able to receive unsealed versions of Plaintiff's documents, and it does not have the full benefit of the evidence.

[2] Twitter may later seek leave to file a supplemental reply, should Twitter subsequently be provided with the sealed materials filed by Plaintiff. Twitter's current inability to obtain those materials was described in Dkt. No. 12-1.

the Accountholder is, in fact, an FBI agent seems to have little bearing on whether the report is grounded in fact.

Plaintiff also argues that Twitter has not made a sufficient showing of hardship for purposes of the undue burden analysis under Fed. R. Civ. P. 45(d)(3)(A)(iv).  But Twitter did not bring this Motion pursuant to that Rule.  Twitter brought this Motion pursuant to Rule 45(d)(3)(A)(iii), which applies to subpoenas requiring disclosure of protected matter.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).  Plaintiff's arguments regarding hardship are therefore misplaced.

Finally, that the parties in the underlying litigation entered into a Stipulated Protective Order is not relevant to the First Amendment analysis.  Twitter seeks to ensure that disclosure of the identifying information to anyone, including the parties to the litigation, is consistent with the First Amendment.  Producing the information without a First Amendment review would eviscerate any protection available to the Accountholder.

Ultimately, Twitter seeks the Court's assistance to ensure that Plaintiff has satisfied the requirements before disclosing protected matter—i.e., the Accountholder's identifying information.  Twitter therefore requests that the Court undertake the applicable First Amendment analysis and quash or modify the Subpoena as necessary.

## II.  ARGUMENT

### A.  Plaintiff Must Satisfy the First Amendment Safeguards before Unmasking an Anonymous Speaker.

Plaintiff agrees that he must demonstrate that he has satisfied the First Amendment's requirements for unmasking anonymous speakers in connection with the Subpoena.  *See* Opp. at 10.  However, it is unclear to Twitter whether Plaintiff satisfies either standard.  *See id.* at 5-9.

First, under *Highfields*, a litigant seeking to unmask a party must demonstrate that the speaker has pled a *prima facie* claim against a defendant that outweighs any potential chilling effects.  *See Highfields*, 385 F. Supp. 2d at 975-76; *see also* Opp. at 10.  Plaintiff does not argue

that he has pled a *prima facie* claim against the Accountholder.  In fact, Plaintiff agrees the Accountholder is not yet a defendant in the litigation.[3]  *See* Opp. at 10-11.

As Plaintiff has not pled a *prima facie* claim against the Accountholder in his Complaint, it does not appear the *Highfields* standard has been met.  *See also, e.g.*, *Smythe v. Does,* No. 15-MC-80292-LB, 2016 WL 54125, at *3 (N.D. Cal. Jan. 5, 2016) (plaintiff did not show a "real evidentiary basis" to unmask anonymous Twitter user where complaint did not mention the user or explain how the user defamed her).  As a result, Plaintiff's arguments regarding harm and the public interest in the Accountholder's speech have no bearing on the analysis.  *See* Opp. at 10-11.

Second, under *2TheMart*, if the anonymous speaker is a non-party, courts must evaluate whether the unmasking request is issued in good faith, relates and is materially relevant to a core claim or defense, and is unavailable from another source.  *See 2TheMart*, 140 F. Supp. 2d at 1095.  Here, Plaintiff's claims against Defendants concern an allegedly false FBI report tweeted by the Accountholder (a Tweet that is not in the record) that Plaintiff claims was disseminated by Defendants.  Plaintiff maintains that there is no evidence that the report is true.  Plaintiff has not explained why the Accountholder's *identity*, including whether the Accountholder is actually an FBI agent, could prove that this content was false or otherwise materially bear on his claims.  *See* Opp. at 10.

Instead, Plaintiff offers evidence that appears to indicate the Account may have been connected to, or known by, Defendants or other third parties.  *See id.* at 6-9.  For example, Plaintiff offers a text message between Defendant Biggs and reporter Malia Zimmerman in which they refer to information from "our mutual friend," which Plaintiff asserts means the Accountholder.  Opp at 9.  Twitter cannot determine whether Biggs and Zimmerman are, in fact, referring to the Accountholder because the Account is never mentioned in the screenshots

---

[3] Although Plaintiff argues that the *Highfields* test is not relevant because there are no Doe defendants in this matter, Plaintiff does not address the possibility, raised by his previous correspondence to Twitter, that the Accountholder could be added as a Defendant once identified. *See* Dkt. 1 at 8 n.3 (Plaintiff's letter to Twitter stated an "interest in identifying, *and holding accountable*, those who are responsible") (emphasis added).

Plaintiff provides.  This evidence does not appear to establish material relevance of the Accountholder's identity to Plaintiff's claims.

As Twitter is unable to determine whether either First Amendment standard is met here, it seeks the Court's assistance to make this determination.

**B.      Plaintiff's Opposition Relies on an Improper Hardship Standard.**

Plaintiff is incorrect that Twitter must persuade the court "under [the undue burden analysis of Rule 45(d)(3)(A)(iv)] . . . that any purported 'hardship' outweighs 'the relevance of the discovery sought' and 'the requesting party's need.'" Opp at 9, quoting *ATS Prods., Inc v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) (citations omitted).[4]

This standard is inapplicable to Twitter's Motion, as Twitter does not rely on the undue burden analysis prong of Rule 45 cited by Plaintiff.[5]  Twitter's Motion was brought under Fed. R. Civ. P. 45(d)(3)(A)(iii), which requires the Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).  Courts routinely evaluate similar unmasking requests pursuant to motions to quash brought under this subsection without any analysis of undue burden or hardship. *See, e.g.*, *In re PGS Home Co. Ltd.*, No. 19-MC-80139-JCS, 2019 WL 6311407, at *5 (N.D. Cal. Nov. 25, 2019); *In re Yasuda,* No. 19-MC-80156-TSH, 2020 WL 759404, at *6 (N.D. Cal. Feb. 14, 2020).

Therefore, as properly set forth in Twitter's Motion, the appropriate analysis is a First Amendment review under *Highfields* and *2TheMart*, not burden or hardship.

---

[4] *ATS* considered the burden of persuasion for a movant under what was then Fed. R. Civ. P. 45(c)(3)(A)(iv) and is now Fed. R. Civ. P. 45(d)(3)(A)(iv).

[5] Even if the Court applied the *ATS* standard, improperly unmasking anonymous speakers would impose a hardship on Twitter.  Twitter's platform allows users speak anonymously to potentially wide audiences, consistent with their First Amendment right to do so. *See, e.g.*, *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 845 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied to the Internet").  As Plaintiff acknowledges, the Accountholder is a prominent anonymous Twitter user who spoke about issues of significant public interest.  *See* Opp. at 6, 9 (presenting evidence of references to the Account's Tweets in popular media, including Fox News).  If Twitter inappropriately unmasked the Accountholder, this could chill protected speech, thereby harming Twitter's forum for discourse.

**C.      The Existence of a Protective Order is Irrelevant to the Court's Analysis.**

Finally, Plaintiff incorrectly asserts that the Stipulated Protective Order in the underlying litigation addresses Twitter's concerns.  *See* Opp. at 12-13.  Enforcing a subpoena to unmask an unknown speaker on the Internet "poses a real threat to chill protected comment on matters of interest to the public.  Anonymity liberates." *Highfields*, 385 F. Supp. 2d at 980-81.  That the identifying information would be disclosed only to the parties does not obviate the chilling effects that disclosure might cause.  To the contrary, Plaintiff is precisely the type of party from whom the speaker would wish to remain anonymous.  The Stipulated Protective Order is not a substitute for First Amendment review.

### III.  CONCLUSION

Twitter respectfully requests that this Court apply the relevant First Amendment standards and quash or modify the Subpoena as necessary to prevent disclosure of protected information.

DATED:  May 21, 2020              **PERKINS COIE LLP**

By:   */s/ Julie E. Schwartz*

Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

*Attorney for Non-party*
Twitter, Inc.